Filed 6/5/24  P. v. Lozano CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>               v.<br><br>ROCKY JOSEPH LOZANO,<br><br>        Defendant and Appellant. | A166219<br><br>(Sonoma County Super. Ct. Nos. SCR-750623-1, SCR-740062-1, SCR741897-1) |

**MEMORANDUM OPINION**[1]

Defendant Rocky Joseph Lozano appeals from a judgment following a jury trial in which he was found guilty of vehicle theft as well as evading and resisting arrest.  The trial court had also previously found that Lozano violated his probation in two other cases (case Nos. SCR-740062-1 and SCR-741897-1) by committing new offenses.[2]  The court sentenced Lozano to an aggregate term of seven years and eight months in prison in all three cases.  Lozano's appointed counsel on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

1

In case No. SCR-740062-1, Lozano entered a plea of no contest to commercial burglary (Pen. Code, § 459; count 1).[3]  The trial court sentenced him to 365 days in jail, with credit for time served of 397 days, and two years of formal probation.  On January 24, 2022, the court found that Lozano violated his probation by committing new offenses.

In case No. SCR-741897-1, Lozano entered a plea of no contest to vehicle theft (Veh. Code, § 10851, subd. (a); counts 2, 9, and 13), evading arrest (*id.*, § 2800.2, subd. (a); count 3), vandalism (§ 594, subd. (a); count 8), and receiving a stolen vehicle (§ 496d, subd. (a); count 15).  The trial court sentenced him to two years of formal probation.  On January 24, 2022, the court found that Lozano violated his probation by committing new offenses.

On March 29, 2022, a first amended information in the present case charged Lozano with:  (1) evading arrest (Veh. Code, § 2800.2, subd. (a); count 1); (2) receiving a stolen vehicle (§ 496d, subd. (a); count 2); (3) vehicle theft (Veh. Code, § 10851, subd. (a); count 3); and (4) resisting arrest (§ 148, subd. (a)(1); count 4).  The information also alleged various aggravating factors.  Lozano pled not guilty and requested a jury trial.  Lozano also filed a motion to suppress evidence to exclude his jail calls pursuant to section 1546 (the Electronic Communications Privacy Act).  The trial court denied the motion on the grounds that section 1546 did not apply to jail calls and that Lozano had notice that his jail calls were being monitored and recorded.

At trial, R.H. testified that in the summer of 2021, he hired Lozano to perform some handywork and let Lozano borrow his daughter's Jeep.  The Jeep was worth $8,000 to $8,500 and was in good working condition.  After Lozano stopped showing up for work in August 2021, R.H. terminated

---

[3] All further statutory references are to the Penal Code unless otherwise specified.

Lozano's employment and asked Lozano to return the Jeep and some borrowed tools. When Lozano arrived at R.H.'s house, R.H. told Lozano to go outside, get his tools out of the Jeep, and leave the keys. R.H. accompanied Lozano outside initially but went back into the house as Lozano was unloading the tools. About 10 minutes later, R.H. went back outside and discovered that Lozano, the Jeep, and the tools were gone. After attempting to reach Lozano multiple times without success, R.H. reported the theft to the police.

On October 15, 2021, the police located the Jeep and attempted to conduct an enforcement stop. The driver did not slow down and drove through two stop signs at an accelerated speed. The driver then got out of the Jeep while it was still moving. Two police officers, both of whom recognized Lozano from either a prior arrest or prior suspect reports, positively identified Lozano as the driver. The police lost sight of Lozano after he ran down an embankment. The police searched the Jeep and found a wallet containing two driver's licenses and a debit card with Lozano's name on them, a cell phone battery pack with the name "Rock" on it, and a cell phone displaying an email to rockylozano23@gmail.com on the screen.

On April 6, 2022, the jury found Lozano guilty of counts 1, 3, and 4.[4] During the bench trial that followed, the trial court found true two aggravating factors beyond a reasonable doubt. On May 25, 2022, Lozano requested a *Marsden* hearing.[5] On June 27, 2022, the court denied Lozano's oral *Marsden* motion. On July 25, 2022, Lozano filed a written *Marsden* motion, again requesting new counsel. The court held that this motion was

---

[4] After the conclusion of evidence during jury instructions, the trial court dismissed count 2 pursuant to the prosecution's motion.

[5] *People v. Marsden* (1970) 2 Cal.3d 118.

3

moot after his counsel declared a conflict of interest and new counsel was appointed.

On September 22, 2022, the trial court sentenced Lozano in all three cases to an aggregate term of seven years and eight months in prison. This sentence was comprised of the following: three years (the upper term) on count 1 and eight months (one-third the middle term) on count 3 in the present case; eight months (one-third the middle term) each on counts 2, 3, 8, 9, and 15 in case No. SCR-741897-1; and eight months (one-third the middle term) on count 1 in case No. SCR-740062-1.

Lozano filed a timely notice of appeal, which we construed, pursuant to Lozano's motion, to include his two prior cases. The *Wende* brief filed by Lozano's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. Lozano was apprised of his right to file a supplemental brief but did not file one. Following *Wende* guidelines, we have conducted an independent review of the record and conclude there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

4

CHOU, J.

We concur.


JACKSON, P. J.
SIMONS, J.


*People v. Lozano* / A166219